UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-1072-MMM |
| | ) |
| JORDAN SPARKS, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW -AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files an amended complaint under 42 U.S.C. § 1983, alleging the unconstitutional use of force at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads a short two-page complaint alleging that on January 2, 2020, Officer Jordan Sparks used a set of keys to repeatedly stab Plaintiff's left hand. Plaintiff claims he was injured and required medical treatment. Plaintiff also asserts that he complained of the event to a number of individuals and offices which denied him due process when they failed to take action against Officer Sparks. Plaintiff names Illinois Department of Corrections Director Rob Jeffreys,

1

former Pontiac Warden Teri Kennedy, Emily Ruskin, Chief Roberts, Livingston County State's Attorney Randy Yednack, Illinois State Police District 6, Heather N. Cox, Sharon A. Simpson, Susan M. Pierce, Mallorie A. Kennedy, Karl A. Webber, Douglas A. Lehman, Dave White and Lt. John Doe.

## ANALYSIS

In reviewing a claim of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Here, Plaintiff simply pleads that he was repeatedly stabbed in the hand by Defendant Sparks. While Defendant might have acted for purposes of restoring or maintain discipline, this is not clear from the face of the complaint. Accordingly, Plaintiff has stated a colorable claim against Defendant Sparks.

Plaintiff also attempts to assert a Fourteenth Amendment claim against a number of individuals as well as department of the Illinois State Police. Plaintiff alleges that their failure to take action, and perhaps to criminally charge Defendant Sparks, violated Plaintiff's substantive due process rights. However, there is no such right guaranteed under the Constitution. *See Averhart v. Shuler*, 652 F. Supp. 1504, 1507 (N.D. Ind. 1987), *aff'd,* 834 F.2d 173 (7th Cir. 1987) citing *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). "[T]he Court emphasized that only those rights directly derived from the Constitution, its Bill of Rights, and Amendments will be protected by 42 U.S.C. § 1983." *Id.* at 1507. *See also, De Shaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)

(rejecting alleged due process claim for social worker's failure to intervene to prevent abuse of child). There, the Court determined that the purpose of the due process clause was "to protect the people from the State, not to ensure that the State protected them from each other." *Id*. at 196.

Plaintiff does not have a due process right in seeing another criminally charged. As a result, this claim, and these Defendants are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claims against Defendant Sparks. All remaining Defendants are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.  Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5.  Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6.  Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7.  Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

8.  Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/4/2020
ENTERED

s/Michael M.Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE