UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY A. JOHNSON, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-1072- MMM |
| | ) |
| **JORDAN SPARKS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at Lawrence Correctional Center, files a Second Amended Complaint under 42 U.S.C. § 1983, alleging the unconstitutional use of force at Pontiac Correctional Center. (Doc. 43).

On August 18, 2022, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 42). The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. (Doc. 43). In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff alleges that on January 2, 2020, Defendant Officer Jordan Sparks used a set of keys to repeatedly stab Plaintiff's left hand to the point of drawing blood. Plaintiff required medical

treatment. Plaintiff claims further that Defendant Sparks violated his right to due process under the Fourteenth Amendment by failing to follow the proper procedure for documenting the use of force in his incident report on January 2, 2020.

Plaintiff alleges that he filed a grievance requesting to press charges on January 2, 2020, and Counselors Doolin and BruBaker, Warden Kennedy, Warden Jackson, and Dave White denied the grievance, failed to investigate the grievance, and refused to follow "AD Section 112.50 Referral for Prosecution." (Doc. 43 at 4). Plaintiff claims that this violated his constitutional rights under the First, Fourth, and Fourteenth Amendments.

Plaintiff also asserts that he was denied due process on February 12, 2020, when Joshua Anglin, an Internal Affairs Unit Investigator, failed to follow the proper procedure and refer the incident to the Livingston County State's Attorney's Office for prosecution.

Additionally, Plaintiff states that he sent a request slip to Warden Ruskin, Warden Kennedy, Counselor Lehman, Grievance Officer Cox, Counselor Karl Webber, Sharon A. Simpson, Susan M. Pierce, Mallorie A. Kennedy, and Joshua Anglin informing them that Defendant Sparks assaulted him and requesting to press charges. Plaintiff claims that they refused to reply to his request slips and to refer the matter for prosecution.

Finally, Plaintiff alleges that he filed a grievance on January 23, 2020, stating that he wanted to press charges because he did not receive a response to his request slips. He asked for a verbal reprimand to be given. Counselors Horton and BruBaker allegedly denied his grievance and falsely claimed that criminal charges were outside of the IDOC's jurisdiction. Plaintiff claims that this violated his constitutional rights under the First and Fourth Amendments.

## ANALYSIS

In reviewing a claim of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. Here, Plaintiff pleads that Defendant Sparks repeatedly stabbed him in the hand with a set of keys. While Defendant might have acted for purposes of restoring or maintaining discipline, this is not clear from the face of the Second Amended Complaint. Accordingly, the Court finds that Plaintiff has stated a colorable claim against Defendant Sparks under the Eighth Amendment for the alleged use of excessive force.

Plaintiff has not, however, stated a claim against Defendant Sparks for a violation of his due process rights based on Defendant's alleged failure to properly document the use of force in an incident report. Plaintiff does not allege that he was disciplined or lost any privileges based on the incident report or the alleged assault. Therefore, this claim is DISMISSED, with prejudice, as Plaintiff has had ample opportunity to amend his complaint to allege a constitutional violation stemming from the incident on January 2, 2020.

Plaintiff also attempts to assert due process claims under the Fourth and Fourteenth Amendments against several individuals for their alleged failure to respond to his request slips, take disciplinary action, and press criminal charges against Defendant Sparks by referring the matter to the Livingston County State's Attorney. Plaintiff does not have a due process right in seeing another individual criminally charged. *See Averhart v. Shuler*, 652 F. Supp. 1504, 1507 (N.D. Ind.), *aff'd*, 834 F.2d 173 (7th Cir. 1987) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)).

"[T]he Court emphasized that only those rights directly derived from the Constitution, its Bill of Rights, and Amendments will be protected by 42 U.S.C. § 1983." *Averhart*, 652 F. Supp. at 1507; *see also De Shaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) (rejecting alleged due process claim for social worker's failure to intervene to prevent abuse of child). There, the Court determined that the purpose of the due process clause was "to protect the people from the State, not to ensure that the State protected them from each other." *Id.* at 196. Plaintiff has not alleged a constitutional violation based on Defendants' failure to take disciplinary action or refer the matter to the County State's Attorney's Office. The Court finds that any amendment would be futile. As a result, this claim is DISMISSED with prejudice.

Finally, Plaintiff alleges that he did not receive a response to his request slips and his grievances requesting that disciplinary or criminal action be taken against Defendant Sparks were denied. "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (internal citations omitted). Here, Plaintiff does not allege that the grievance process was unavailable. Rather, he claims that his grievances were wrongfully denied. As stated above, Plaintiff does not have a constitutional right to the criminal prosecution of another individual. Additionally, Plaintiff's use of the judicial process indicates that the prison has not infringed on his First Amendment right to petition the government for a redress of grievances. *See id*. Therefore, this claim is also DISMISSED with prejudice, as any amendment would be futile because Plaintiff cannot plead a § 1983 claim under these facts.

4

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed solely on the excessive force claim against Defendant Sparks. All other claims and Defendants are DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Court finds that any amendment of these claims would be futile because Plaintiff cannot plead a § 1983 claim under these facts. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of Court pursuant to Federal Rule of Civil Procedure 15.

2. Defendant Sparks filed an Answer to Plaintiff's Amended Complaint on January 19, 2021. (Doc. 16). As Defendant has already appeared and answered, no waivers need issue.

3. The Court, *sua sponte*, extends the discovery deadline to October 24, 2022, and the dispositive motions deadline to November 23, 2022.

4. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

5. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and phone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:   8/30/2022

                                                     s/ Michael M. Mihm
                                                     Michael M. Mihm
                                                     United States District Judge